IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELVION WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:13-CV-4896-D |
| VS. | § | |
| | § | |
| AMY WILBURN, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Kelvion Walker ("Walker") moves for expedited discovery and for leave to issue a subpoena to the City of Dallas. The court denies the motion because it seeks discovery without addressing the issue of qualified immunity that is likely to arise in this case, and because defendant has not yet had an opportunity to file an answer addressing the issue.

Walker brings this action against defendant Amy Wilburn ("Officer Wilburn"), a City of Dallas police officer, under 42 U.S.C. § 1983. Walker alleges that Officer Wilburn used excessive force and violated his constitutional rights when she shot him on December 9, 2013. According to Walker's complaint, this occurred in broad daylight, seconds after Officer Wilburn encountered Walker, while Walker had his hands raised in the air.

Walker now seeks expedited discovery and leave to issue a subpoena to the City of Dallas. His motion focuses on Fed. R. Civ. P. 26(d)(1) and the showing that is necessary to obtain a court order to commence discovery before the court conducts a Rule 26(f) conference. Walker names only Officer Wilburn as a defendant in this action, and his complaint does not indicate that he seeks to hold the City of Dallas or any other party liable for Officer Wilburn's alleged misconduct. *See, e.g.,*

Compl. ¶ 2.[1] On the other hand, Walker's complaint clearly alleges a claim against Officer Wilburn, in her individual capacity. Walker fails to address the discovery limitations that will apply if Officer Wilburn asserts—as she likely will—the defense of qualified immunity.[2]

"One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)). In this circuit, it is established that "[d]iscovery . . . must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995).

> [A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *After* the district court finds a plaintiff has so pled, if the court remains "unable to rule on the immunity defense without further clarification of the facts," it may issue a discovery order "narrowly tailored to uncover only those facts needed to rule on the immunity claim."

*Backe*, 691 F.3d at 648 (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987)).

Nor does it matter that Walker seeks discovery from sources other than Officer Wilburn. Discovery of any kind "must not proceed until the district court *first* finds that the plaintiff's

---

[1]Walker's complaint contains one reference to the City of Dallas' policies and customs. *See id.* ¶ 67. Nothing else in Walker's complaint indicates that he seeks to hold the City of Dallas liable for Officer Wilburn's alleged misconduct. Rule 8(a) requires a plaintiff to plead so as to "put the defendant on notice as to the nature of the claim against him and the relief sought." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 574 (2007). Walker's complaint is sufficient to put Officer Wilburn on notice but is insufficient to put the City of Dallas or any other party on notice.

[2]The court is not aware of any case previously filed on its docket where a police officer sued in her individual capacity failed to raise the defense of qualified immunity in a case of this kind. And Walker appears to anticipate that this defense will be raised. *See* Compl. ¶¶ 60-63.

pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks*, 41 F.3d at 994. Thus until this court is able to address the issue of qualified immunity, Walker does not have good cause to seek discovery of any kind. *See, e.g., Gaines v. Davis*, 928 F.2d 705, 707 (5th Cir. 1991) (involving deposition of § 1983 defendant's fellow officer).[3]

At this juncture, the court has not completed the first step of the process required for discovery to commence. And it will not do so in a vacuum without permitting Officer Wilburn to be heard in response. The court may also require that Walker file a Rule 7(a) reply before deciding whether his pleadings are sufficient. *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc).[4]

Accordingly, because the question whether discovery can commence will probably depend

---

[3]Walker lacks good cause for another reason: Officer Wilburn could seek an immediate, interlocutory appeal from any discovery order issued before the court has ruled on the qualified immunity issue. *See Guillot v. Day*, 95 F.3d 1147, 1996 WL 481170, at *2 (5th Cir. 1996) (per curiam) (unpublished table decision). This would impose significant burdens on the efficient administration of Walker's case.

[4]Although a plaintiff may comply with ordinary pleading standards in his initial complaint, and need not anticipate a qualified immunity defense, "[w]hen a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail" pursuant to Rule 7(a). *Schultea*, 47 F.3d at 1433. "[T]he reply must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Id.* "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). The case should not be allowed to proceed unless plaintiffs can assert specific facts that, if true, would overcome the defense. *See Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996) ("Public officials are entitled to qualified immunity from suit under § 1983 unless it is shown by specific allegations that the officials violated clearly established law."); *Schultea*, 47 F.3d at 1434 ("The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity[.]"). The "district court's discretion not to [require a Rule 7(a) reply] is narrow indeed when greater detail might assist." *Id.*; *see also Reyes*, 168 F.3d at 161 ("Faced with sparse details of claimed wrongdoing by officials, trial courts ought routinely require plaintiffs to file a reply under [Rule] 7(a) to qualified immunity defenses.").

not merely on the standard for granting leave under Rule 26(d)(1), but also on the issue of qualified immunity, and because Walker's motion does not address, and it is premature to consider, how qualified immunity will impact the availability of discovery, the court denies Walker's December 19, 2013 motion for expedited discovery and motion for leave to issue subpoena to the City of Dallas.

**SO ORDERED**.

December 20, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE