IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KELVION WALKER, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:13-CV-4896-D |
| VS. § | |
| § | |
| AMY WILBURN, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Kelvion Walker ("Walker") brings this action under 42 U.S.C. § 1983 against defendant Amy Wilburn ("Officer Wilburn"), a former officer of the Dallas Police Department, alleging that Officer Wilburn used excessive force when she shot him shortly after encountering him during broad daylight, while he had both of his hands raised in the air. Officer Wilburn moves under Fed. R. Civ. P. 12(b)(6) to dismiss Walker's denial of medical care claim for failure to state a claim on which relief can be granted or based on qualified immunity, or, alternatively, to require that Walker file a Rule 7(a) reply. She moves under Rule 12(f) to strike parts of Walker's second amended complaint.[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

Although the record is not entirely clear, it appears that Officer Wilburn's motion to dismiss should be granted. Walker has not specifically responded to Officer Wilburn's Rule 12(b)(6) motion. *See* P. Resp. 1 ("Defendant has filed a single motion that combines two separate motions seeking separate relief. In this instance, plaintiff will respond to the claims made in her Rule 12(f) motion to strike."). And in Officer Wilburn's motion for partial dismissal, she contends:

> It should be noted that enough discovery has been conducted in this case so far to conclusively establish two things that bear on [Walker's denial of medical care] claim: First, [Officer] Wilburn's partner, Officer Jason Correa, called for medical care immediately after the shooting. Any delay in the arrival of the ambulance had nothing to do with anything Wilburn or Correa did at the scene. Second, [Officer] Wilburn did not handcuff the Plaintiff. Since these facts are clearly known by Plaintiff's counsel through discovery it is surprising that this medical care claim persists in Plaintiff's most recent version of his complaint.

D. Mot. 16 n.2. Given Officer Wilburn's assertion regarding what discovery has shown, the ambiguity in Walker's second amended complaint regarding whether he is actually asserting a claim for denial of medical care, and Walker's failure to respond to Officer Wilburn's Rule 12(b)(6) motion, the court concludes that the motion should be granted. Accordingly, to the extent that Walker intends in his second amended complaint to allege a claim for denial of medical care, the claim is dismissed under Rule 12(b)(6).

II

Officer Wilburn moves under Rule 12(f) to strike parts of Walker's second amended complaint. She maintains that the following paragraphs are immaterial to his claims for unreasonable seizures, and unreasonable, unnecessary, and excessive force,[2] and are highly prejudicial to Officer Wilburn by implying that violations of departmental policies equate to constitutional violations or preclude the defense of qualified immunity, which is not the case: ¶¶ 59-72; 73; 99-109; 113-116; 117-121; 122-126; and 181-185.[3] Reduced to its essence, Officer Wilburn's motion to strike appears to rest on the concerns that Walker has included materials for purposes of garnering media attention, and that these materials will generate negative pretrial publicity that will compromise her ability to receive a fair trial; that in order to file an answer to the second amended complaint, it may be necessary for her to incur an undue pleading burden by setting forth extensive, detailed denials rather than the short and plain statement that the federal rules require; and that certain allegations inject evidence that is inadmissible and prohibited under the Federal Rules of Evidence.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f). The decision to grant a motion to strike is within the court's discretion. *Jacobs v. Tapscott*, 2004 WL 2921806, at *2 (N.D.

---

[2]Officer Wilburn also contends that they are immaterial to Walker's claim for denial of the right to medical care, but this part of her motion is mooted by the court's conclusion that, if he is asserting such a claim, it should be dismissed under Rule 12(b)(6).

[3]These are the correct numbers of the challenged paragraphs, as reflected in Officer Wilburn's reply brief. *See* D. Reply Br. 2 & 2 n.2.

Tex. Dec. 16, 2004) (Fitzwater, J.), *aff'd on other grounds*, 277 Fed. Appx. 483 (5th Cir. 2008). Motions to strike a portion of a pleading are generally viewed with disfavor and are seldom granted, because these motions seek a "drastic remedy" and are often "sought by the movant simply as a dilatory tactic." *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 206 F.2d 862, 868 (5th Cir. 1962)).[4] "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." *Pan Am. Life Ins. Co. v. Blanco*, 311 F.2d 424, 428 n.13 (5th Cir. 1962) (quoting 2 *Moore's Fed. Prac.*, 2d ed., P12.21(2)); *see also Florance v. Buchmeyer*, 500 F.Supp.2d 618, 645 (N.D. Tex. 2007) (Ramirez, J.) (Rule 12(f) motions "are viewed with disfavor" and should be granted "only when the pleading to be stricken has no possible relation to the controversy.") (citations omitted)), *rec. adopted*, 500 F.Supp.2d at 624 (N.D. Tex. 2007) (Lynn, J.). Officer Wilburn has not shown that the statements in question are immaterial or impertinent to the controversy itself. *See United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (concluding that district court did not abuse its discretion in denying motion to strike where "disputed statements were material and pertinent to the underlying controversy").

---

[4]The court recognizes that, "[a]lthough motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (citations omitted). This rule does not apply to Officer Wilburn's motion to strike because she does not contend that Walker is relying on a defense that is insufficient as a matter of law.

Accordingly, Officer Wilburn's Rule 12(f) motion to strike is denied.

**SO ORDERED**.

April 27, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE