**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| KELVION WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3-13-cv-04896-K |
| | § | |
| AMY WILBURN, | § | |
| | § | |
| Defendant. | § | |

## COURT'S CHARGE TO THE JURY

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case.   As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon the lawyers for each of the parties will make what is called an opening statement.   Opening statements are intended to assist you in understanding the evidence.   What the lawyers say is not evidence.   After the opening statements, the Plaintiff will call witnesses and present evidence.   Then, the Defendant will have an opportunity to call witnesses and present evidence.   After the parties' main case is completed, the Plaintiff will be permitted to present rebuttal evidence.   After all the evidence is completed, the lawyers will again address you to make final arguments.

1

Then I will instruct you on the applicable law.   You will then retire to deliberate on a verdict.

Keep an open mind during the trial.   Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence.   If you would like to take notes during the trial, you may do so.   If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of the testimony.   Do not be unduly influenced by the notes of other jurors.   A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony. Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations.   On the other hand, any exhibits admitted during the trial will be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.   This includes your family and friends. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case.   You may not communicate with anyone about the case on your cell phone, through e-mail, text messaging or on Twitter,

through any blog or website, through any internet chat room, or by way of any other social networking websites, such as Facebook, LinkedIn, and YouTube.   If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the court immediately.   Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them.   It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial.   Do not learn anything about the case from any other source.

Throughout these instructions, I may refer to Mr. Kelvion Walker as "the Plaintiff."   I may refer to Mrs. Amy Wilburn as "the Defendant." During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence.   I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of the trial.

The evidence in this case will consist of the following:

1.   The sworn testimony of all witnesses, no matter who called a witness.

2.   All exhibits received in evidence, regardless of who may have produced the exhibits.

3.   All facts that may have been stipulated or judicially noticed that you must

3

take as true for purposes of this case.

A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence and regard that fact as proved.   The parties have agreed, or stipulated, that the following facts are not in dispute and will require no proof at trial.

1.   On December 9, 2013, Kelvion Walker was a passenger in a red Chevy Malibu followed by Amy Wilburn in her patrol car.

2.   On December 9, 2013, Amy Wilburn was a police officer working for the City of Dallas.

3.   Amy Wilburn was acting under color of state law at all relevant times.

4.   Amy Wilburn was aware that the Chevy Malibu had been reported stolen in a robbery less than one hour earlier.

5.   Amy Wilburn activated her overhead lights to pull over the red Chevy Malibu.

6.   Mr. Robertson, the driver of the Malibu, exited the vehicle while in motion. The vehicle moved forward and rolled over a curb and sidewalk toward a residential unit.

7.   Amy Wilburn ran up to the driver's side of the moving vehicle with her weapon still in its holster.

I may take "judicial notice" of certain facts or events.   When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.   If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

During the trial, the lawyers may make objections to questions asked or answers given. That simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. These relate only to the legal questions that I must determine and should not influence your thinking. If I sustain an objection to a question, the witness cannot answer it. Do not attempt to guess what answer might have been given had I allowed the question to be answered. If I overrule an objection, treat the answer like any other. Additionally, some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose only, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. From the facts that you believe have been proved, you may draw such reasonable inferences or conclusions as you feel are justified in light of your experience. You will hear evidence related to the alleged acts or omissions of both parties and non-parties to this case, and will be asked to determine whether they are or are not at fault. Whether or not an individual or company is or is not a party to this case should not be a concern to you, and should not influence your findings as to causation or fault.

It is now time for opening statements.

## POST-EVIDENCE INSTRUCTIONS

MEMBERS OF THE JURY:

Now that you have heard all the evidence in this case, I will instruct you on the law that you must apply.

## GENERAL INSTRUCTIONS

It is your duty to follow the law as I give it to you in this Charge. On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.  Remember that any statements or arguments made by the lawyers are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Your answers and your verdict must be unanimous.  All of the claims and defenses in this case must be proven by a preponderance of the evidence. Plaintiff must prove each essential part of his claim by a preponderance of the evidence. To establish a claim or defense by a "preponderance of the evidence" means to prove that the claim is more likely so than not true.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless

of who may have produced them.   If the proof fails to establish any essential part of Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant.

You are the sole judges of the "credibility" or believability of each witness and the weight to be given to the witness's testimony.   In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.   So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been shown to you during this trial. This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

A typewritten transcript of an oral conversation, which can be heard on a recording received in evidence as Exhibit 8.2 was shown to you. The transcript also purports to identify the speakers engaged in such conversation. I have admitted the transcript as Exhibit 15.2 for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine, based on your evaluation of the testimony you have heard about the preparation of the transcript and on your own examination of the transcript in relation to your hearing of the recording itself as the primary evidence of its own contents. If

you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field–he or she is called an expert witness–is permitted to state his opinions on those technical matters.   However, you are not required to accept that opinion.   As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.   In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence you may consider in properly finding the truth as to the facts in the case. One is direct evidence.   A fact is established by direct evidence when proved by witnesses who saw the act done or heard the words spoken or by documentary evidence. The other is indirect or circumstantial evidence–the proof of

9

a chain of circumstances indicating the existence or nonexistence of certain other facts. Direct proof of a state of mind is almost never available and is not required.   As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Do not let bias, prejudice or sympathy play any part in your deliberations.   All persons are equal before the law and must be treated as equals in a court of justice. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.

Now I will turn to the requirements of each of the legal claims and defenses that the parties have brought in this case.

## I.    42 U.S.C. Section 1983

Plaintiff Kelvion Walker brings this suit against Defendant Amy Wilburn under 42 U.S.C. § 1983, pursuant to which a person may sue for an award of money damages against anyone who, "under color" of state law, intentionally violates another's rights under the Constitution of the United States.   Under the Fourth Amendment of the Constitution of the United States, a citizen has the constitutional right not to be subjected to excessive force while being arrested by a law enforcement officer, even though the arrest is otherwise proper. To recover damages for this alleged constitutional violation, Plaintiff Kelvion Walker must prove by a

10

preponderance of the evidence that:

1. Defendant Amy Wilburn committed an act that violated the constitutional rights Plaintiff Walker claims were violated;

2. That in so doing Defendant Wilburn acted "under color" of the authority of the State of Texas; and

3. Defendant Wilburn's acts were the cause of Plaintiff Walker's damages.

In this case the parties have stipulated that Defendant Amy Wilburn acted "under color" of state law. You must accept this fact as proven.

Plaintiff Kelvion Walker alleges that Defendant Amy Wilburn violated Plaintiff Walker's constitutional right to be protected from the use of excessive force during an arrest on December 9, 2013.   The Constitution prohibits the use of unreasonable or excessive force while making an arrest, even when the arrest is otherwise proper. To prevail on a Fourth Amendment excessive-force claim, Plaintiff Walker must prove the following by a preponderance of the evidence:

1. An injury;

2. that the injury resulted directly from the use of force that was excessive to the need; and

3. that the excessiveness of the force was objectively unreasonable.

To determine whether the force used was reasonable under the Fourth Amendment, you must carefully balance the nature and quality of the intrusion on Plaintiff Walker's right to be protected from excessive force against the

11

government's right to use some degree of physical coercion or threat of coercion to make an arrest. Not every push or shove, even if it may later seem unnecessary in hindsight, violates the Fourth Amendment. In deciding this issue, you must pay careful attention to the facts and circumstances, including the severity of the crime at issue, whether Plaintiff Walker posed an immediate threat to the safety of the officers or others, and whether he was actively resisting or attempting to evade arrest. The use of deadly force is not unreasonable when an officer would have reason to believe that the suspect poses a threat of serious harm to the officers or others.

The reasonableness of a particular use of force is based on what a reasonable officer would do under the circumstances and not on this defendant's state of mind. You must decide whether a reasonable officer on the scene would view the force as reasonable, without the benefit of 20/20 hindsight. This inquiry must consider the fact that police officers are sometimes forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

If you find that Plaintiff Walker has proved by a preponderance of the evidence that the force used was objectively unreasonable, then Defendant Wilburn violated Plaintiff Walker's Fourth Amendment protection from excessive force and you must then consider whether Defendant Wilburn is entitled to qualified immunity, which is a bar to liability that I will explain later. If Plaintiff Walker

failed to make this showing, then the force was not unconstitutional, and your verdict will be for Defendant Wilburn on the excessive-force claim.

### QUESTION 1

Did Plaintiff Walker prove, by a preponderance of the evidence, that Defendant Wilburn used excessive force on Plaintiff Walker?

Answer "Yes" or "No."

Answer: _____

If you answered "Yes" to Question 1, then proceed to instructions on "Qualified Immunity" and then answer Question 2. If you answered "No" to Question 1, then do not proceed to "Qualified Immunity" and Question 2; the Foreperson should sign and date the verdict and give it to the Court Security Officer.

## II.   Qualified Immunity

If you find that Plaintiff Walker has proved the elements of the claim by a preponderance of the evidence, you must then consider whether Defendant Wilburn is entitled to what the law calls "qualified immunity." Qualified immunity bars a defendant's liability even if she violated a plaintiff's constitutional rights. Qualified immunity exists to give government officials breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability for all but the plainly incompetent government officers, or those who knowingly violate the law. It is Plaintiff Walker's burden to prove by a preponderance of the evidence that qualified

immunity does not apply in this case.

Qualified immunity applies if a reasonable officer could have believed that the use of force was lawful considering clearly established law and the information Defendant Wilburn possessed. But Defendant Wilburn is not entitled to qualified immunity if, at the time of the use of force, no reasonable officer with the same information could not have believed that her actions were lawful. Law enforcement officers are presumed to know the clearly established constitutional rights of individuals they encounter.

In this case, the clearly established law at the time was that a police officer could not use excessive force when attempting to arrest a person. Deadly force is allowed under the Fourth Amendment if the officer has probable cause to believe that a suspect poses a threat of serious harm either to the officer or to others.

If, after considering the scope of discretion and responsibility generally given to police officers in performing their duties and after considering all of the circumstances of this case as they would have reasonably appeared to Defendant Wilburn at the time of the use of force, you find that Plaintiff Walker failed to prove that n o reasonable officer could have believed that the use of force was lawful, then Defendant Wilburn is entitled to qualified immunity, and your verdict must be for Defendant Wilburn on those claims. But if you find that Defendant Wilburn violated Plaintiff Walker's constitutional rights and that Defendant Wilburn is not entitled to qualified immunity, then your verdict must be

for Plaintiff Walker.

**QUESTION 2**

Did Plaintiff Walker prove, by a preponderance of the evidence, that no reasonable officer could have believed that the force used by Defendant Wilburn on Plaintiff Walker was lawful, in light of clearly established law and the information Defendant Wilburn possessed at the time?

Answer "Yes" or "No."

Answer: _____

If you answered "Yes" to Question 2, then proceed to instructions on "Damages" and answer Questions 3 and 4. If you answered "No" to Question 2, then do not proceed to instructions on "Damages" and answer Questions 3 and 4; the Foreperson should sign and date the verdict and give it to the Court Security Officer.

**III.   Damages**

To recover damages for this alleged constitutional violation, Plaintiff Walker must prove by a preponderance of the evidence that:

1. Defendant Wilburn committed an act that violated the constitutional rights of Plaintiff Walker; and

2. Defendant Wilburn's acts were the cause of Plaintiff Walker's damages.

If Plaintiff Walker has proved both that Defendant Wilburn used excessive force and that Defendant Wilburn is not entitled to qualified immunity by a preponderance of the evidence, you must determine the damages to which Plaintiff Walker is entitled.

15

You should not interpret the fact that I am giving instructions about Plaintiff Walker's damages as an indication in any way that I believe that Plaintiff Walker should, or should not, win this case. It is your task first to decide whether Defendant Wilburn is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Wilburn is liable and that Plaintiff Walker is entitled to recover money from Defendant Wilburn.

### A. Compensatory Damages

If you find that Defendant Wilburn is liable to Plaintiff Walker, then you must determine an amount that is fair compensation for all of Plaintiff Walker's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff Walker whole—that is, to compensate Plaintiff Walker for the damage that he has suffered. Compensatory damages are not limited to expenses that Plaintiff Walker may have incurred because of his injury. If Plaintiff Walker wins, he is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that he has suffered because of Defendant Wilburn's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff Walker proves were caused by Defendant Wilburn's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff Walker's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant Wilburn. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff

Walker has actually suffered or that Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff Walker prove the amount of his loss with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence.

You may award damages for any bodily injury that Plaintiff Walker sustained and any pain and suffering, mental anguish, or disfigurement that Plaintiff Walker experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiff Walker for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

To recover compensatory damages for mental and emotional distress, Plaintiff

17

Walker must prove that he has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff Walker must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

Consider the elements of damages listed below and none other. Consider each element separately.  Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any.  Do not include interest on any amount of damages you find.

Do not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the occurrence in question.

You are instructed that any monetary recovery for loss of earnings, loss of earning capacity, or loss of contributions of a pecuniary value is subject to federal income taxes.  Any recovery for the other elements of damages are not subject to federal income taxes.

## QUESTION 3

What sum of money, if paid now in cash, would fairly and reasonably

compensate Plaintiff Walker for his injuries, if any, that resulted from the occurrence in question?

Answer separately, in dollars and cents, for damages, if any. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

1. Physical pain and suffering sustained in the past.

Answer: _____

2. Physical pain and suffering that, in reasonable probability, Plaintiff Walker will sustain in the future.

Answer: _____

3. Mental anguish sustained in the past.

Answer: _____

4. Mental anguish that, in reasonable probability, Plaintiff Walker will sustain in the future.

Answer: _____

5. Loss of earning capacity sustained in the past.

Answer: _____

6. Loss of earning capacity that, in reasonable probability, Plaintiff Walker will sustain in the future.

Answer: _____

7. Disfigurement sustained in the past.

Answer: _____

8. Disfigurement that, in reasonable probability, Plaintiff Walker will sustain in the future.

Answer: _____

9. Physical impairment sustained in the past.

Answer: _____

10. Physical impairment that, in reasonable probability, Plaintiff Walker will sustain in the future.

Answer: _____

11. Medical care expenses in the past.

Answer: _____

12. Medical care expenses that, in reasonable probability, Plaintiff Walker will incur in the future.

Answer: _____

**B. Punitive Damages**

If you find that Defendant Wilburn is liable for Plaintiff Walker's injuries, you must award Plaintiff Walker the compensatory damages that he has proved. You may, in addition, award punitive damages if you find that Defendant Wilburn acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the

circumstances, manifests a complete lack of concern for the rights or safety of another. Plaintiff Walker has the burden of proving, by a preponderance of the evidence, that punitive damages should be awarded.

A person acts recklessly in engaging in conduct if:

(a)     the person knows of the risk of harm created by the conduct or knows facts that make the risk obvious to another in the person's situation, and

(b)     the precaution that would eliminate or reduce the risk involves burdens that are so slight relative to the magnitude of the risk as to render the person's failure to adopt the precaution a demonstration of the person's indifference to the risk.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiff Walker has been made whole by compensatory damages, so punitive damages should be awarded only if Defendant Wilburn's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

1.      the reprehensibility of Defendant Wilburn's conduct, including but not limited
to whether there was deceit, cover-up, insult, intended or reckless injury, and whether
Defendant Wilburn's conduct was motivated by a desire to augment profit;

2.      the ratio between the punitive damages you are considering awarding and the
amount of harm that was suffered by the victim or with which the victim was
threatened;

3.      the possible criminal and civil sanctions for comparable conduct.

You may consider the financial resources of Defendant Wilburn in fixing the
amount of punitive damages.

**QUESTION 4**

What sum of money, if any, if paid now in cash, would fairly and reasonably
punish and deter Defendant Wilburn's conduct?

Answer separately, in dollars and cents, for damages, if any. Any recovery will
be determined by the Court when it applies the law to your answers at the time of
judgment.

1.      Damages to punish and deter Defendant Wilburn's conduct.

Answer: _____

## POST-ARGUMENT INSTRUCTIONS

You are the sole and exclusive judges of the facts.   You should determine these facts without any bias, prejudice, sympathy, fear, or favor, and this determination should be made from a fair consideration of all the evidence that you have seen and heard in this trial.   Do not speculate on matters that are not in evidence.   Keep constantly in mind that it would be a violation of your own sworn duty to base a verdict on anything but the evidence in the case.   Your answers and verdict must be unanimous; that is, all of you must agree to each of your answers.   You will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

The fact that I have given you instructions about a particular claim or defense, or that I have not so instructed you, should not be interpreted by you in any way as an indication that I believe a particular party should, or should not, prevail in this case. Also, you should not interpret the fact that I have given instructions about the Plaintiff Walker's damages as an indication in any way that I believe that the Plaintiff Walker should, or should not, win this case.

Remember that any notes you have taken during this trial are only aids to memory.   If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence.   A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.   Notes are not entitled to any greater

weight than the recollection or impression of each juror about the testimony.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.   Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you are wrong.   However, do not give up your honest beliefs solely because the others think differently or merely to finish the case.

Remember that in a very real way you are the judges – judges of the facts.   Your only interest is to seek the truth from the evidence in the case.   You will now retire to the jury room.   In a few minutes I will send you this charge and the exhibits the Court has admitted into evidence.   Upon receiving the exhibits and charge, you should select a foreperson and commence deliberations.   Do not deliberate unless all of you are present in the jury room.   In other words, if one or more of you go to lunch together or are together outside the jury room, do not discuss the case.

If during the course of your deliberations you wish to communicate with the Court, you should do so only in writing by a note signed by the foreperson.   I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.   I caution you, however, with respect to any message or question you might send that you should never state or specify your numerical division at the time.

During your deliberations you will set your own work schedule, deciding for yourselves when and how frequently you wish to recess and for how long.

After you have reached your verdict, you will return this charge together with your written answers to the foregoing questions.   Do not reveal your answers to anyone besides other members of the jury until such time as you are discharged, unless otherwise directed by me.   After you have reached a verdict, you are not required to talk with anyone about the case.

Your foreperson will sign in the space provided on the following page after you have reached your verdict.

**SO ORDERED.**

Signed September __, 2019.

ED KINKEADE
UNITED STATES DISTRICT JUDGE

## VERDICT OF THE JURY

We, the jury, have answered the above and foregoing questions as indicated, and herewith return the same into court as our verdict.

Signed September _____, 2019.


_____
FOREPERSON